No. 24,921.

A. J. SCHIMPFF et al., *Appellees*, v. O. R. DURHAM et al., *Appellants*.

No. 24,922.

A. J. SCHIMPFF et al., *Appellees*, v. FRANK J. BOSLEY et al.,
*Appellants*.

No. 24,923.

A. J. SCHIMPFF et al., *Appellees*, v. FRANK J. BOSLEY et al.,
*Appellants*. ·

No. 24,924.

A. J. SCHIMPFF et al., *Appellees*, v. FRANK J. BOSLEY et al.,
*Appellants*.

SYLLABUS BY THE COURT.

ACTION FOR CANCELLATION OF OIL AND GAS LEASES—*Breach of Contracts by Lessees—Leases Properly Canceled.* It is not error to render judgments canceling oil and gas leases on separate portions of a large tract of land, each lease providing that it shall terminate as to both parties if no well shall have been commenced on the tract described therein on or before March 11, 1920, where the landowner afterwards contracts with each. lease-holder that drilling a well on the land described in any one lease within one year from its date shall be considered to be the drilling of a well on the land described in each of the leases; where a well is commenced on one of the tracts before March 11, 1920, but is not completed when actions to cancel all of the leases are commenced more than two years after the date of leases, and is not completed at the time of the trial, which was more than two and a half years after the date of leases; and where no other well is commenced or completed on any of the land described in the leases.

Appeals from Elk district court; ALLISON T. AYRES, judge. Opinion filed December 8, 1923. Affirmed.

*S. F. Wicker,* and *Gordon A. Badger,* both of Eureka, for the appellants.
*A. F. Sims,* of Howard, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In these actions, the plaintiffs seek to cancel certain oil and gas leases on real property and to quiet the title to that property. Judgments were rendered in favor of the plaintiffs, with minor exceptions not necessary to notice. The defendants appeal.

The pleadings and issues in all the cases were substantially the same. The actions were tried together by the court without a jury,

and special findings of fact and conclusions of law, substantially the same, were made in all the cases. The findings of fact and conclusions of law in case No. 24,922 were as follows:

"1. The court finds that at the time of the commencement of this action that the fee title was in Sidney D. Swart, and that the plaintiff, A. J. Schimpff, was in possession under a contract for the purchase of the same, but that such contract had not been fully consummated or deed executed and delivered.

"2. The court further finds that on or about the 11th day of March, 1919, the plaintiffs, Sidney Swart and Marie Swart, executed to Frank J. Bosley, the oil and gas leases, copies of which are attached to the plaintiffs' petition as Exhibits 'A' and 'D' respectively, and that thereafter and on or about the 7th day of April, 1919, by a proper assignment the said Frank J. Bosley assigned said leases in so far as they relate to the Northwest Quarter of the Southwest quarter of Section 28, and the Northeast Quarter of the Southwest quarter of Section 32, in Township 28, Range 9, to the defendant, The Corona Oil and Gas Company, a corporation, and that on or about the same date the said Frank J. Bosley by proper assignment assigned said leases in so far as they relate to the Southwest Quarter of the Southwest Quarter of Section 28, and the Southeast Quarter of the Southwest Quarter of Section 32, to O. R. Durham, Trustee, and the said defendants owned said respective portions of said lease at the time of the filing of this action.

"3. The court further finds that the said leases above described were executed and afterwards delivered to Frank J. Bosley, under the terms and conditions of a certain contract entered into the 16th day of September, 1918, by and between Sidney Swart and Marie Swart, as parties of the first part, and D. H. Bane and Edward B. McKenna, as parties of the second part, a true copy of said contract being attached to the defendant's answer as Exhibit '1.' The court further finds that thereafter and on the 11th day of January, 1919, a further contract was made and entered into by and between said parties relative to the execution and delivery of said leases, a copy of which is attached to the defendant's answer as Exhibit '2' and at the same time a further contract was made between the said parties a true copy of which is attached to the defendant's answer as Exhibit '3' and the court further finds that on or about the 31st day of December, 1919, for a valuable consideration, Sidney Swart and this defendant and other parties made, executed and delivered a certain agreement with reference to said leases, a true copy of which is attached to the defendant's answer as Exhibit '4' and the court further finds that the said plaintiff, A. J. Schimpff, knew of each and all of the said contracts and agreements above mentioned at the time he entered into a contract with the said Sidney Swart and Marie Swart to purchase the lands described in the plaintiff's petition.

"4. The court further finds that on the 31st day of August, 1919, the Corona Oil and Gas Company commenced a well for oil and gas upon the Northeast Quarter of the Southwest Quarter of Section 32, Township 28, Range 9, and drilled said well continuously until the 23rd or 24th day of December, 1919, when said company shut down the drilling of said well for

the Christmas Holidays and said company resumed drilling on said well after the Christmas Holidays and Drilled continuously thereon until the 8th day of April, 1920, at which time the Corona Oil & Gas Company shut down the operations on said well because the contractor drilling said well refused to run certain casing which was not very good unless the Corona Oil & Gas Company would retread said casing and the Corona Oil & Gas Company arranged with said contractor at that time for ten days time in which to get a' new string of casing or have said casing retread and thereafter and on or about the 17th day of April, 1920, a suit was filed against the Corona Oil and Gas Company in the District Court of Sedgwick County, Kansas, and the Sedgwick County District Court appointed George R. Bassett as receiver of said company and said company remained in the hands of said receiver until the 24th day of September, 1920, when said action was dismissed. No drilling was done upon said well while the said company was in the hands of the receiver as aforesaid, but drilling was resumed in October, 1920, and continued during the months of November and December and up to about the 21st or 22nd of December, 1920, at which time said well was shut down for the holidays, said well having reached a depth of 250½ feet and at said time there was a slight or Rainbow showing of oil on tools and struck sand at said well. The court further finds that drilling was resumed upon the 26th day of April, 1921, and that operations continued until about the 7th day of August, 1921, and that said company had considerable trouble with a fishing job from the time they commenced in April 1921, until August, 1921, and that when said company ceased operations in August, they still had some tools in the well which they had been unable to fish out and that the Corona Oil and Gas Company shut down said well in August because said company had exhausted their money and desired to refinance said company and that said company raised about $27,000.00 additional money to complete said well, but that the Corona Oil and Gas Company did not resume operations on said well until after the filing of this action and that after the filing of this action they did some work, and that the tools and all equipment was at said well at the time of the trial of this case and the court further finds that the Corona Oil & Gas Company has at no time abandoned said well as a dry hole, but that the Corona Oil and Gas Company has not been diligent in completing said well.

"5. The court further finds as a conclusion of law that the plaintiffs are not entitled to prevail as against the Corona Oil & Gas Company as to the Northwest Quarter of the Southwest Quarter of Section 28 (the plaintiff having dismissed as to said portion), nor as to the Northeast Quarter of Section 32, nor against the defendant, O. R. Durham, as to the Southeast Quarter of the Southwest Quarter of Section 32, but that the plaintiffs are entitled to prevail as against the defendants, O. R. Durham, Trustee, as to the Southwest Quarter of the Southwest Quarter of Section 28."

No question is raised about the sufficiency of the evidence to sustain each of the findings of fact.

Each of the leases contained the following provision:

"If no well be commenced on said land on or before the 11th day of March, A. D. 1920, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor or to the lessor's credit in the First National Bank at Eureka, Kansas, or its successors, which shall continue as the depository regardless of changes in the ownership of said land, the sum of eighty dollars which sum shall operate as a rental and cover the privilege of deferring the commencement of a well for 12 months."

Part of the contract, which is described in the third finding of the court as being Exhibit "4" attached to the answer of the defendants, was as follows:

"That for and in consideration of the sum of One Dollar (1.00) and other valuable consideration, the receipt of which is hereby acknowledged, the parties of the first part hereby agree that the drilling of a well on either of the tracts above described by either of the parties of the second part above named or their assigns within one year from the date of either and all of the oil and gas leases above described shall be considered to be the drilling of a well within the terms and conditions of each and every of the oil and gas leases aforesaid.

"It is the intention and agreement of the parties hereto that if the first well drilled on either of the above described tracts or parcels of real estate, by either of the parties of the second part or their assigns, be a dry hole, then and in that event if a second well is not completed on some one of the tracts or parcels of real estate above described within twelve (12) months from the completion of said well, then the oil and gas leases above described shall terminate as to both parties, unless either of the parties of the second part or their assigns shall on or before the expiration of said twelve months from the completion of said first well, either begin the drilling of another well on some one of the tracts or parcels of real estate above described, or shall resume the payment of rentals on the leases above described in the same amount and in the same manner as provided in each of said leases. And it is agreed that upon the resumption of the payment of rentals as above provided that the rental clause in each of said leases shall continue in force just as though there had been no interruption in the rental payments."

Attention is directed to the last statement contained in the fourth finding of fact, "that the Corona Oil & Gas Company has not been diligent in completing said well." The well was commenced August 31, 1919, and had not been completed at the time of the trial, May 29, 1922. These actions were begun December 5, 1921. The well was drilled to a depth of 2502½ feet. It was almost three years from the time the well was commenced to the time of trial. It was two years and three months from the time the well was commenced until these actions were begun. There was unreasonable delay in completing the well.

The contract, which provided that "the drilling of a well on

either of the tracts above described by either of the parties of the second part . . . within one year from the date of either and all of the oil and gas leases . . . shall be considered to be the drilling of a well within the terms and conditions of each and every of the oil and gas leases," contemplated that the well therein mentioned should be completed within one year from the date of the leases. It was not completed within that time. Therefore, under the terms of the leases, they were subject to cancellation because the lessees had not complied with either the leases or the contract from which the above excerpt is taken.

For these reasons, the court was justified in canceling the leases and in quieting the title of the plaintiffs to the property described in the several judgments. No error is shown.

The judgments are affirmed.